```
UNITED STATES DISTRICT COURT                    For Online Publication Only
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
CIT BANK, N.A.,
                                                **MEMORANDUM AND ORDER**
                            Plaintiff,          16-CV-04473-JMA-SIL

        -against-

GLENN MOROZ AND CRESCENT COVE
ASSOCIATES, LLC,

                            Defendants.
---------------------------------------------------------------------X
```

FILED
CLERK
11/27/2019 12:52 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

Plaintiff CIT Bank, N.A. ("Plaintiff") commenced this action against defendants Glenn Moroz ("Defendant Moroz") and Crescent Cove Associates, LLC ("Defendant Crescent Cove") (together, the "Defendants") on August 10, 2016 seeking foreclosure of the property at 33 Crescent Cove Circle, Seaford, New York 11783. (ECF No. 1.)

On April 29, 2019, Plaintiff filed the instant motion seeking a grant of summary judgment against Defendant Moroz, entry of a default judgment against Defendant Crescent Cove, and appointment of a referee to calculate the amount due to Plaintiff. (ECF No. 56.) For the reasons set forth below, the Court grants Plaintiff's motion for summary judgment against Defendant Moroz, enters a default judgment against Defendant Crescent Cove, and appoints Kathryn C. Cole, Esq., 400 RXR Plaza, Uniondale, NY 11556, to serve as referee for purposes of calculating the damages owed to Plaintiff and assessing whether the property can be sold as a single parcel.

## I. BACKGROUND

The following facts are taken from the parties' pleadings, Plaintiff's Statement of Material Facts Pursuant to Local Rule 56.1, and the exhibits cited in and annexed to the parties' papers. The admissibility of the underlying evidence is discussed below.

**A. Defendant Moroz's Mortgage**

Defendant Moroz executed a Home Equity Line of Credit agreement and a Credit Line Mortgage agreement with IndyMac Bank, FSB ("IndyMac") on December 7, 2006. (Affirmation of Adam P. Briskin ("Briskin Aff."), Ex. B, ECF No. 56–3 at 5–19.) He secured a $500,000.00 mortgage on property located at 33 Crescent Cove Circle, Seaford, New York 11783. (Id. at 15.) The mortgage specified that "[t]he duties and benefits of this Security Instrument shall bind and benefit the successors and assigns of Mortgagor and Lender." (Id. at 18.) It was subsequently recorded with the Nassau County Clerk's Office on December 27, 2006. (Id. at 20.)

**B. IndyMac Becomes Plaintiff CIT Bank, N.A.**

Eighteen months after Defendant Moroz signed the agreements, IndyMac closed, and the Federal Deposit Insurance Corporation (the "FDIC") was appointed to be receiver. See OTS Order No. 2008-24, https://www.occ.treas.gov/static/ots/directors-orders/do-2008-24.pdf. On July 11, 2008, the FDIC transferred certain of IndyMac's assets and obligations to a newly-formed entity, IndyMac Federal Bank, FSB ("IndyMac Federal"). (Id.) On March 19, 2009, IndyMac Federal closed and the FDIC was appointed as receiver. See OTS Order No. 2009-17, https://www.occ.treas.gov/static/ots/directors-orders/do-2009-17.pdf.[1]

In March 2009, the FDIC entered into agreements with IMB HoldCo LLC ("HoldCo") and its direct, wholly-owned subsidiary, OneWest Bank Group LLC ("OneWest"). (Affidavit of Tenisa Brooks ("Brooks Aff."), Ex. 4–5, ECF No. 56–10 at 32–198.) Pursuant to these agreements, OneWest purchased assets and liabilities of IndyMac Federal, including Defendant Moroz's mortgage. (Brooks Aff., Ex. 5, ECF No. 56–10 at 198.) The Nassau County Clerk's Office

---

[1] As discussed in Section II.A.ii, infra, the Court takes judicial notice of the two relevant Department of the Treasury Orders regarding the transfer of assets involving IndyMac and IndyMac Federal.

2

recorded the assignment of Defendant Moroz's mortgage to OneWest Bank, FSB on March 29, 2010. (Brooks Aff., Ex. 7, ECF No. 56–10 at 200.)

Four years later on February 28, 2014, OneWest Bank, FSB became a National Banking Association and changed its name to OneWest Bank, N.A. (Brooks Aff., Ex. 7, ECF No. 56–10 at 203.) The next year on August 3, 2015, OneWest Bank, N.A. merged with CIT Bank, Salt Lake City, UT to become CIT Bank, N.A. (Brooks Aff., Ex. 8, ECF No. 56–10 at 205.)

This corporate history is further detailed in the Affidavit in Support of Summary Judgment submitted by Tenisa Brooks. (Brooks Aff., ECF No. 56–10 at 1–6.) Brooks works as the Assistant Secretary of Plaintiff's subservicer and attorney-in-fact, LoanCare, LLC. (Id. at 1.) As discussed below, Defendant Moroz has offered nothing to counter these facts.

C. **Defendant Moroz Defaults on the Mortgage**

Defendant Moroz failed to make his monthly mortgage payment due on March 18, 2015. (Brooks Aff., Ex. 10, ECF No. 56–10 at 222.) On February 17, 2016, OneWest Bank Mortgage Servicing, a division of CIT Bank, N.A., sent Defendant Moroz a letter informing him that his "loan is in serious default" and that $15,106.26 was due on or before March 22, 2016 in order to cure the default. (Brooks Aff., Ex. 9, ECF No. 56–10 at 209.) The letter also warned about the possibility of foreclosure. (Id. at 210.) OneWest Bank Mortgage Servicing also sent Defendant Moroz pre-foreclosure notices pursuant to New York Real Property Actions and Proceedings Law § 1304. (Brooks Aff., Ex. 10, ECF No. 56–10 at 222.) These notices were filed with the New York State Department of Financial Services. (Brooks Aff., Ex. 12, ECF No. 56–10 at 243.)

On August 10, 2016, Plaintiff filed a complaint in which it elected "to declare the entire balance of the principal indebtedness and all interest and other charges due under said Note and Mortgage immediately due and payable." (ECF No. 1 at 6–7.) As of July 25, 2016, Plaintiff was

3

owed $454,694.58 in unpaid principal, plus interest. (Id. at 7.) Defendant Moroz was named as a defendant along with Defendant Crescent Cove, which was "joined as a party defendant because, upon information and belief, it has an interest in the Mortgaged Property as a possible subordinate creditor." (Id. at 2.) Defendant Moroz answered the complaint on February 27, 2017. (ECF No. 17.) Defendant Crescent Cove has not answered, appeared in the action, responded to Plaintiff's motion for default judgment, or otherwise defended the action. The Clerk of Court issued a certificate of default against Defendant Crescent Cove on August 23, 2018. (ECF No. 44.)

**D. The Instant Motion**

On April 29, 2019, Plaintiff moved for summary judgment against Defendant Moroz and for default judgment against Defendant Crescent Cove. (ECF No. 56.) Plaintiff also requested that a magistrate judge or special master be appointed referee for purposes of assessing damages and determining the ability to sell the mortgaged property in one parcel. Defendant Moroz filed an Affirmation in Opposition. (ECF No. 55.) Defendant Crescent Cove has not responded.

## II. DISCUSSION

**A. Summary Judgment Against Defendant Moroz**

Plaintiff's motion for summary judgment against Defendant Moroz is granted for the reasons set forth below.

### i. Standard for Summary Judgment

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the burden of demonstrating that "no genuine issue of material fact exists." Marvel Characters, Inc. v. Simon, 310 F.3d 280, 286 (2d Cir. 2002) (citations omitted). In resolving a motion for summary judgment, "the district court must construe the facts in the light

most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." Dallas Aerospace, Inc. v. CIS Air Corp., 352 F.3d 775, 780 (2d Cir. 2003). Unless the non-moving party produces "significant probative evidence" demonstrating that a factual dispute exists, summary judgment is appropriate. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

### ii. Summary Judgment Is Warranted

Defendant Moroz has not submitted any response to Plaintiff's Rule 56.1 statement nor offered any evidence to contradict the evidence cited by Plaintiff. Instead, Defendant Moroz argues that, as a matter of law, summary judgment is inappropriate because "the defendant has raised standing as an issue and plaintiff has not met the burden of establishing its standing." (ECF No. 54 at 2.) Relatedly, Defendant Moroz challenges the admissibility of the Brooks Affidavit as a basis for establishing standing. (Id. at 3.) Defendant Moroz otherwise does not refer to the twenty-five affirmative defenses that he previously raised in his answer, (ECF No. 17), and ignores the additional arguments Plaintiff advances in its motion for summary judgment without raising additional affirmative defenses. The Court therefore finds that Defendant Moroz has abandoned all arguments and defenses other than his arguments that the Brooks Affidavit is inadmissible, and Plaintiff does not have standing. See Blake v. Race, 487 F. Supp. 2d 187, 217 (E.D.N.Y. 2007) ("Because plaintiff's opposition papers did not address defendants' motion for summary judgment on this claim, the claim is deemed abandoned and summary judgment could be granted on that basis alone."); see also Avola v. Louisiana-Pac. Corp., 991 F. Supp. 2d 381, 390 (E.D.N.Y. 2013) (same).

Contrary to Defendant Moroz's assertion, Plaintiff has offered admissible evidence that establishes its standing. New York law provides that a "plaintiff establishes its standing in a

5

mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note." OneWest Bank, N.A. v. Melina, 827 F.3d 214, 222 (2d Cir. 2016) (quoting Wells Fargo Bank, N.A. v. Rooney, 132 A.D.3d 980, 981, 19 N.Y.S.3d 543, 544 (2d Dep't 2015)). A "written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident." Id. (quoting U.S. Bank, N.A. v. Collymore, 68 A.D.3d 752, 754 890 N.Y.S.2d 578, 580 (2d Dep't 2015)).

Plaintiff has established physical delivery of Defendant Moroz's note to Plaintiff before it commenced this action. A plaintiff can establish "prima facie, that it had standing by demonstrating that it had physical possession of the note prior to the commencement of the action, as evidenced by its attachment of the note to the summons and complaint at the time the action was commenced." Deutsche Bank Nat. Tr. Co. v. Logan, 146 A.D.3d 861, 862, 45 N.Y.S.3d 189, 191 (2d Dep't 2017). Further, Plaintiff is "not required to provide factual details of the delivery to establish how it came into possession of the note." HSBC Bank USA, Nat. Ass'n. v. Ozcan, 154 A.D.3d 822, 823, 64 N.Y.S.3d 38 (2d Dep't 2017). Attached to the Certificate of Merit that Plaintiff filed contemporaneously with its complaint and summons, Plaintiff included copies of Defendant Moroz's note, mortgage, and assignment. (ECF No. 3–1 at 2, 12, 17.) Plaintiff has made a prima facie showing of standing based on the physical delivery of the note to it prior to commencement of this action. Defendant Moroz has not contested physical delivery of the note to Plaintiff at the time the complaint was filed and has offered no contradictory evidence. Accordingly, Plaintiff has established standing based on physical delivery.

In addition to physical delivery of the note, Plaintiff has established standing by showing that it was the assignee of the note. The admissible evidence of the assignment that Plaintiff has

6

offered establishes its standing independent of the factual assertions contained in the Brooks Affidavit that Defendant Moroz challenges as hearsay. In particular, Plaintiff has submitted several documents that detail the corporate evolution and transfer of the note from IndyMac, the entity with which Defendant Moroz executed the note and mortgage, to CIT Bank, N.A., the plaintiff that now brings this action.

First, Plaintiff has submitted a March 18, 2009 Master Purchase Agreement by and among the FDIC as Conservator for IndyMac Federal, HoldCo, and OneWest and a March 19, 2009 Loan Sale Agreement by and between the FDIC as Receiver for IndyMac Federal and OneWest Bank, FSB. (Brooks Aff., Ex. 4–5, ECF No. 56–10 at 32–198.) The recitals in these documents explain that the Office of Thrift Supervision ("OTS") of the Department of the Treasury closed IndyMac on July 11, 2008. The FDIC then became receiver of IndyMac's assets and liabilities. Acting as conservator, the FDIC transferred IndyMac's assets and liabilities to a new entity, IndyMac Federal. On March 19, 2009, OTS then closed IndyMac Federal and appointed the FDIC as receiver.

Though the recitals in these documents alone may be sufficient to establish the transfer of IndyMac's assets and liabilities to IndyMac Federal, this Court also takes judicial notice of two Orders from OTS, dated July 11, 2008 and March 19, 2009, which show the transfers of assets and liabilities from IndyMac to the FDIC to IndyMac Federal. See OTS Order No. 2008-24, https://www.occ.treas.gov/static/ots/directors-orders/do-2008-24.pdf; OTS Order No. 2009-17, https://www.occ.treas.gov/static/ots/directors-orders/do-2009-17.pdf. Other courts have similarly taken judicial notice of these OTS Orders to conclude that the transfer of assets and liabilities took place. See, e.g., Foreman v. Fed. Deposit Ins. Corp., No. CV-09-5474, 2010 WL 11530636, at *6 n.4–5 (C.D. Cal. Apr. 27, 2010), aff'd sub nom. 481 F. App'x 424 (9th Cir. 2012) (taking judicial

notice of OTS Order No. 2008-24 and OTS Order No. 2009-17); Dorko v. Fed. Deposit Ins. Corp., No. CV-08-0627, 2009 WL 10674986, at *2 n.6 (C.D. Cal. June 17, 2009) (taking judicial notice of OTS Order No. 2008-24). Having taken judicial notice of the relevant OTS Orders, the Court finds that the transfer of IndyMac's assets and liabilities to the FDIC and then from the FDIC to IndyMac Federal has been established independent of the assertions in the Brooks Affidavit.

Second, Plaintiff has shown that OneWest Bank, FSB purchased IndyMac Federal's assets and liabilities, including Defendant Moroz's mortgage. The March 18, 2009 Master Purchase Agreement by and among the FDIC as Conservator for IndyMac Federal, HoldCo, and OneWest and the March 19, 2009 Loan Sale Agreement by and between the FDIC as Receiver for IndyMac Federal and OneWest Bank, FSB detail how the FDIC, as receiver and conservator for IndyMac Federal, would "sell[ ], transfer[ ], convey[ ], assign[ ] and deliver[ ]" to OneWest Bank, FSB and OneWest Bank, FSB would "purchase[ ], accept[ ] and assume[ ] from [the FDIC] . . . all of [the FDIC's] rights, title and interests in, to and under" certain assets. (Brooks Aff., Ex. 5, ECF No. 56–10 at 140.) Included among these assets was Defendant Moroz's mortgage, as indicated in the Loan Schedule attached to the Loan Sale Agreement as Attachment A. (Id. at 198.)

As contracts, the Master Purchase Agreement and the Loan Sale Agreement are not hearsay. The statements contained within them carry independent legal force. See Crawford v. Tribeca Lending Corp., 815 F.3d 121, 126 (2d Cir. 2016). Furthermore, the Second Circuit and other district courts in this circuit have found that the same Loan Sale Agreement at issue here "assigned to [Plaintiff] all of the rights that FDIC previously had to [Defendant's] loan as the conservator and receiver of IndyMac Federal—and this assignment sufficed to give [Plaintiff] standing to foreclose." CIT Bank, N.A. v. Conroy, No. 14-CV-5862, 2018 WL 4861373, at *7 (E.D.N.Y. Oct. 5, 2018), appeal dismissed sub nom. CIT Bank N.A. v. Donovan, No. 18-3163, 2019 WL 1787215

8

(2d Cir. Feb. 21, 2019) (quoting Melina, 827 F.3d at 223).  The Court finds that the Loan Sale Agreement shows that Defendant Moroz's mortgage was assigned to OneWest Bank, FSB.  Plaintiff has established this assignment independent of the Brooks Affidavit.

As further evidence of the assignment, Plaintiff has also submitted an Endorsement Cover Page from the Nassau County Clerk's Office recording the assignment of Defendant Moroz's mortgage to OneWest Bank, FSB on March 29, 2010.  (Brooks Aff., Ex. 6, ECF No. 56–10 at 200.)  It is well established under New York law that the mortgage follows the note by operation of law.  Aurora Loan Servs., LLC v. Taylor, 25 N.Y.3d 355, 361 (2015).

Four years after the execution of the Loan Sale Agreement, on February 28, 2014, OneWest Bank, FSB became a National Banking Association and changed its name to OneWest Bank, N.A. (Brooks Aff., Ex. 7, ECF No. 56–10 at 203.)  As proof of this name change, Plaintiff has submitted a certificate from the Comptroller of the Currency of the Department of the Treasury.  (Id.)  The next year on August 3, 2015, OneWest Bank, N.A. merged with CIT Bank, Salt Lake City, UT to become CIT Bank, N.A.  (Brooks Aff., Ex. 8, ECF No. 56–10 at 205.)  Plaintiff has submitted a letter from David W. Finnegan, a Senior Licensing Analyst and National Bank Examiner at the Office of the Comptroller of the Currency, that reflects this merger.  (Id.)  These Treasury Department documents are admissible as "records of a regularly conducted activity" that are exceptions to the rule against hearsay.  See, inter alia, Fed. R. Evid. 803(6).  Plaintiff has therefore proven that it is the assignee of Defendant Moroz's note through admissible evidence independent of the Brooks Affidavit.

Defendant Moroz has not advanced any evidence that disputes the assignment of the note to Plaintiff.  Rather, Defendant Moroz has only challenged the admissibility of the Brooks Affidavit, which he suggests is the only evidentiary basis for Plaintiff's standing.  As detailed

9

above, however, Plaintiff has advanced ample admissible evidence that proves Defendant Moroz's note was assigned to Plaintiff. Accordingly, an assessment as to whether the various factual assertions contained in the Brooks Affidavit constitute inadmissible hearsay is therefore unnecessary. In light of the clear evidence of the assignment, Plaintiff has standing to bring this action. Accordingly, summary judgment against Defendant Moroz is warranted.

## B. Default Judgment Against Defendant Crescent Cove

Plaintiff's motion for default judgment against Defendant Crescent Cove is granted for the reasons set forth below.

### i. Defendant Crescent Cove Defaulted

Defendant Crescent Cove was properly served in the action, but has not answered, appeared in the action, responded to the instant motion, or otherwise defended the action.

### ii. Liability

When a defendant defaults, the Court is required to accept all of the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009). However, the Court also must determine whether the allegations in the complaint establish the defendant's liability as a matter of law. Id.

Under New York law, "the plaintiff in an action to foreclose a mortgage [must] demonstrate: 'the existence of the mortgage and mortgage note, ownership of the mortgage, and the defendant's default in payment.'" Gustavia Home, LLC v. Bent, 321 F. Supp. 3d 409, 414 (E.D.N.Y. 2018) (citing Campaign v. Barba, 23 A.D.3d 327, 805 N.Y.S.2d 86 (2d Dep't 2005)).

Here, Plaintiff has submitted a Certificate of Merit which includes copies of the mortgage, the mortgage note, and documents related to the assignment. (Briskin Aff., Ex. B, ECF No. 56–3 at 2–23.) In addition, Plaintiff submitted the Brooks Affidavit, which affirmed that the mortgage

is in default and appended a copy of the relevant notice of default. (Brooks Aff., Ex. 9–12, ECF No. 56–10 at 207–254.)

Plaintiff's complaint joined Defendant Crescent Cove "as a party defendant because, upon information and belief, it has an interest in the Mortgaged Property as a possible subordinate creditor." (ECF No. 1 at 2.) For purposes of default judgment, "allegations asserted on information and belief may be sufficient to hold [a] defendant individually liable on a default judgment where those allegations state facts primarily within the defendant's knowledge." E. Sav. Bank, FSB v. Beach, No. 13-CV-0341, 2014 WL 923151, at *4 (E.D.N.Y. Mar. 10, 2014). Plaintiff's allegations sufficiently establish that Defendant Crescent Cove is a subordinate creditor. Whether Defendant Crescent Cove actually has an interest as a subordinate creditor is within its knowledge. Thus, this allegation, "even though alleged upon information and belief, is deemed admitted" for purposes of determining whether default judgment is warranted. Joe Hand Promotions, Inc. v. Blais, No. 11-CV-1214, 2013 WL 5447391, at *3 (E.D.N.Y. Sept. 30, 2013). Plaintiff has therefore established liability against Defendant Crescent Cove.

**C. Damages**

Plaintiff has requested that "[a] magistrate judge, or a special master should be appointed to compute the amount due Plaintiff under the mortgage and to examine and report whether the mortgage[d] property can be sold as one parcel pursuant to FRCP Rule 53." (Briskin Aff., ECF No. 56–1 at 6.) Plaintiff's request is hereby granted. Upon entry of this Order, this case will be referred to Kathryn C. Cole, Esq. to serve as referee.

## III. CONCLUSION

For the reasons stated above, Plaintiff's motion for default judgment against Defendant Crescent Cove and for summary judgment against Defendant Moroz is granted.

**SO ORDERED.**

Dated: November 27, 2019
      Central Islip, New York

                                            /s/ (JMA)
                                        JOAN M. AZRACK
                                        UNITED STATES DISTRICT JUDGE